# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued November 12, 2004      Decided December 7, 2004

No. 03-3077

UNITED STATES OF AMERICA,
APPELLEE

v.

SERITA L. MORTON,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00337-01)

---

*Douglas Wham*, appointed by the court, argued the cause and filed the briefs for appellant.

*Susan A. Nellor*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *John R. Fisher* and *Roy W. McLeese, III*, Assistant U.S. Attorneys.

Before: GINSBURG, *Chief Judge*, and TATEL and ROBERTS, *Circuit Judges*.

GINSBURG, *Chief Judge*: Serita Morton appeals her conviction for possession of a firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1). Morton argues the district court erroneously denied her motion to suppress a police officer's testimony about incriminating statements Morton made after being arrested. Morton also claims the district court improperly permitted another police officer to give opinion testimony at trial. Neither argument has merit.

## I.  Morton's Incriminating Statements

The following facts are not disputed. Around 2:00 a.m. on July 13, 2001, Officers Brian Hays and Christopher Beyer of the Metropolitan Police Department pulled a vehicle over for running a stop sign. Morton, the driver, did not have a valid driver's license. After the officers ordered Morton and the passenger out of the vehicle, Officer Beyer noticed the tip of a gun underneath the cushion on which Morton had been sitting. Officer Hays then arrested Morton and called Officer Marvin Parker to transport her to the police station. The officers questioned the passenger but did not place him under arrest.

On the way to the station, Morton expressed concern over what would happen to her vehicle. Officer Parker said her vehicle would be impounded. Morton then became upset. She told Officer Parker she would be released in the morning. Officer Parker responded that she had been arrested for a serious charge and that "she might not be getting out as quickly as she thinks." Morton told Officer Parker that her lawyer would help her "beat the charge," and when she did get out, "she would be back down in the same area riding around with another gun" that she kept at home. Morton also stated she did not like the police, and "that's why police officers get killed."

Morton moved to suppress Officer Parker's testimony about her statements on the ground they were coerced. The district court denied the motion, and Officer Parker testified

against Morton at her trial, recalling the conversation for the jury. Morton now appeals the district court's ruling.

The Government admits Morton was in custody when she made the incriminating statements and that no officer had informed Morton of her rights under *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). Morton does not dispute that she initiated the conversation with Officer Parker and concedes that Officer Parker did not ask her any questions. Morton nevertheless contends Officer Parker's conduct was "functionally equivalent" to interrogation because Officer Parker should have known that his comments were "reasonably likely to elicit an incriminating response" from Morton. *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). The Government argues Officer Parker's testimony was admissible because Morton initiated the conversation and her incriminating remarks were spontaneous and voluntary. *See United States v. Samuels*, 938 F.2d 210, 214 (D.C. Cir. 1991).

"'Interrogation,' as conceptualized in the *Miranda* opinion, requires a measure of compulsion above and beyond that inherent in custody itself." *Innis*, 446 U.S. at 300. Here, as the Government maintains, Officer Parker did not "compel" or even encourage Morton to incriminate herself. Officer Parker's statements -- that Morton's vehicle would be impounded and that she had been arrested on a serious charge and might not be released as quickly as she thought -- were directly responsive to what Morton had said and were not reasonably likely to elicit an incriminating response. Morton, therefore, was not under interrogation, s*ee United States v. Bogle*, 114 F.3d 1271, 1275 (D.C. Cir. 1997), and the district court properly denied her motion to suppress.

## II.  Officer Beyer's "Opinion" Testimony

At trial, Morton's strategy was to suggest the gun belonged to her passenger.  The prosecuting attorney asked Officer Beyer why the passenger had not been arrested, and Officer Beyer responded:

> Based on the position of the gun being under Ms. Morton's right thigh, being on her side of the console, which as I stated was pretty high and also used as an arm rest, to us we believe that the passenger did not have knowledge and would not have been able to see the gun sitting there.

Morton argues the district court erred in permitting Officer Beyer to opine whether the passenger knew about the gun under Morton's seat cushion and whether the passenger could have seen the gun, testimony which "directly undermined" her defense.  According to Morton, the Government "failed to lay an adequate foundation, or indeed any foundation at all, for Officer Beyer's opinion testimony."

Morton's trial counsel did not object to that portion of Beyer's testimony.  Therefore, as both parties correctly observe, in order for Morton to succeed on appeal she must demonstrate that the trial court committed a plain error that affected her substantial rights.  Fed. R. Crim. P. 52(b); *see also United States v. Olano*, 507 U.S. 725, 732 (1993).  Where, as here, an appellant failed to raise a contemporaneous objection at trial, a reviewing court may correct "only particularly egregious errors, those errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Young*, 470 U.S. 1, 15 (1985) (internal quotation marks and citations omitted).  Morton cannot make the requisite showing.

5

First, as the Government argues, the admission of Officer Beyer's challenged statement is not plainly erroneous because it is not apparent that Beyer actually offered opinion testimony. Although Beyer testified that he believed the passenger did not know the gun was in the vehicle, that testimony was not offered to prove what the passenger actually knew; rather, the officer was simply describing his reason for not having arrested the passenger. A witness's testimony about his own state of mind is not opinion testimony. *See United States v. Giovanetti*, 919 F.2d 1223, 1226 (7th Cir. 1990) ("What [the witness] called his 'opinion' was actually a report of the contents of his mind, of which people are normally assumed ... to have direct rather than inferential knowledge").

Second, we note that Morton's failure to object to Officer Beyer's testimony for lack of foundation deprived the Government of any opportunity to lay a proper foundation. *See Bartleson v. United States*, 96 F.3d 1270, 1278 (9th Cir. 1996). Morton does not argue the Government would have been unable to lay a proper foundation if it had been called upon to do so. Under these circumstances, the district court did not plainly err in failing to strike Officer Beyer's testimony *sua sponte*.

Finally, the Government maintains that even if the error was plain, Morton cannot show prejudice. We agree. There was ample evidence to support the jury's determination that Morton possessed the firearm without the portion of Officer Beyer's testimony that Morton now challenges. In addition to her own incriminating statements, there was evidence that Morton owned the vehicle in which the gun was found and, most important, the gun was found under her thigh. In light of the evidence against her, Morton cannot show the outcome of the trial would likely have been different if the trial court had corrected the purported error. *See United States v. Sumlin*, 271 F.3d 274, 281 (D.C. Cir. 2001).

### III.  Conclusion

We agree with the district court that Officer Parker did not interrogate Morton or coerce her into making any incriminating statement.  We also hold that Morton's challenge to Officer Beyer's testimony does not survive plain error review.  Therefore the judgment of the district court is

*Affirmed*.