UNITED STATES of America, Appellee

v.

Everette Lee HAYES, Jr., Appellant.

No. 04–3173.

United States Court of Appeals,
District of Columbia Circuit.

March 20, 2007.

Roy Wallace McLeese, III, Suzanne C. Nyland, Elizabeth Trosman, Assistant U.S. Attorneys, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Jenifer Wicks, Law Office of Jennifer Wicks, Washington, DC, for Appellant.

Before: GARLAND and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

A jury convicted defendant Everette Lee Hayes of unlawful possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At trial, two police officers testified that they saw Hayes standing naked in the street and holding a handgun. One of the officers testified that Hayes fired at him before running inside an apartment. After Hayes surrendered outside the apartment, officers entered the apartment, where they found a rifle in a living room closet. The officer who processed Hayes' paperwork testified that, after he read Hayes his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and explained what the charges were, Hayes said that "[h]e didn't remember anything because earlier he had smoked some marijuana laced with PCP." Before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court judge sentenced Hayes, on the basis of this conviction and his prior convictions, to 235 months' imprisonment. Following a remand pursuant to *United States v. Coles*, 403 F.3d 764, 771 (D.C.Cir.2005), the district court said it would have imposed the same sentence under post-*Booker* law.

■■■ On appeal, Hayes challenges, inter alia, the district court's denial of his motions to suppress the post-arrest statement and the rifle, and the court's use of Hayes' prior convictions to enhance his sentence based on fact-findings made by the court. These challenges fail. The district court correctly denied Hayes' motion to suppress his voluntary, post-*Miranda* statement. Merely apprising appellant of the charges against him did not constitute interrogation, nor was it reasonably likely to elicit an incriminating response. *See Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *United States v. Morton*, 391 F.3d 274, 276 (D.C.Cir.2004). Denial of the motion to suppress the rifle was proper because the weapon was recovered as part of a protec-

tive sweep permissible under *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). *See United States v. Henry*, 48 F.3d 1282, 1284 (D.C.Cir.1995). Finally, Hayes' challenge to his sentence fails because even before *Booker, Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), permitted the enhancement of a sentence based on the court's findings concerning the defendants' prior convictions, and because after *Booker* a court may do so as part of a discretionary sentencing regime. We have considered each of Hayes' remaining claims and conclude that they all lack merit. Accordingly, we affirm the judgment of the district court.

Pursuant to D.C.Cir. Rule 36(b), this decision will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).